The next case is Orf v. Rogers. Good morning. Good morning. Brett Olick on behalf of Orf v. Rogers and Central Trucking. As you know, this is a forum non-convened case that we may report you on appeal from Madison County. The judge denied our motion to transfer the report to dismiss based on forum non-convened. As you also recall from the record, this is a case involving an auto accident that took place in Effingham County. It was an I-70 heavy snowstorm trucking auto accident. The plaintiff is from Missouri, near St. Louis, in St. Louis County actually. The defendant trucking company is from Indiana. The other defendant, the driver, Mr. Rogers, is from Missouri. The case was filed in Madison County. It's our position that Madison County, while it may have proper venue based on the venue statute, is not the proper venue under the doctrine of forum non-convened. And so we're asking you to do one of two things to that. We're asking you to either grant the motion and transfer it, the case, to Effingham, the county where the accident took place, or on the alternative, to dismiss the action based on the doctrine of forum non-convened to be refiled in Missouri. Has the statute of limitations run? I would think it has, Your Honor. The accident was in 2013. Unless there's a minority where the applicant addressed the coons in the play, I don't know. Well, there's five years in Missouri. In Missouri, for personal injury, except malpractice. But before we dismiss it, don't we have to know that? Well, I think if my recollection of 187 is correct, Supreme Court Rule 187, is if you would dismiss it and send it there and we would raise the defense, that would negate it, then it would send it back here. I think that's my understanding of the case. And so you're saying that alternatively, if we want to send it to Missouri, you won't raise the statute of limitations issue? I don't think we can. Okay. If we're going to do that. Just checking. I think if we do, then obviously it comes back here. Right. Okay. And I would agree with that separation of 187. So, Your Honor, what I'd like to do for a few minutes is just talk about the factors. I know this Court is very familiar with formal non-convened law. We've had many cases with the individual justices in my law. Unfortunately for everybody, the facts are never the same. That's true. That's true. That would make it a lot easier. But luckily, the principles that we apply are. And when we look at those principles in light of this case, there's generally two concepts that we look at. First, we look at the plaintiff's selection of the venue. And what deference do we give that selection? And second, we apply the multi-factor judicial analysis that the Court is very familiar with. If we look first at the plaintiff's choice of Madison County, the plaintiffs are not from Madison County. They're non-residents. And they chose a non-resident form. The accident did not occur in Madison County. It's a non-situs venue. So under established case law, the selection of Madison County is entitled to less deference. I would argue in this case very significantly less deference because there's no other context between this litigation and Madison County. Now, that leads me to the second point. The traditional form non-convenes factors that the Court is familiar with. When we look at those and we say, well, how do these factors play out when we look, just for the sake of purposes here, Madison County versus Effingham? Well, the argument about Madison County is essentially, according to counsel, that it's a halfway point. It's a meeting point. It's a convenient for the witness point. I don't have to drive all the way to Effingham from Missouri, so let's just meet in the middle. We've got proper venue. Let's just meet in the middle. But isn't it a little bit greater than that in that the defendant has to show inconvenience? Well, we do. We do, and I think here we can do that. And the one thing I think that we can glean from the case is convenience isn't just physical. It's not just physical differences, and Dottie talks about that in the context of adjacent counties. I know the argument is somehow, how can you say it's inconvenient if it's an adjacent county? And Dottie says, look, the distance involved is just one of the many factors that we evaluate for an inconvenience. It has to be a balance of all the factors. So convenience isn't just physical distance for the witnesses. Convenience has to embody the totality of the public and private factors that we're all aware of, so that when we look at those here, I don't even think that Madison County really constitutes a halfway point. I think Bonn County actually falls pretty much halfway in between the two. But we have no witnesses from Madison County. We have no interest in the litigation. We have no parties. We have no contact with the case. The accident did not occur there. We have no defendants that resigned there. We have nothing that ties this case that develops an interest in this litigation. But when we look at Effingham, and again, we understand that we don't have any parties in Effingham, but we do have the accident. We do have the sites. We have emergency responders as witnesses. A police officer, a state trooper was identified. We have a localized interest that gives rise to justification for burdening the jurors for explaining judicial resources. We have conjecture statistics that show that the cases can be brought to trial quicker in Effingham than in Madison County. And we have the opportunity for a jury view, which at this point is a potential because we really don't know the facts and where the case will end up. And I want to kind of hammer on the concept of localized interest because when we look at Dow, page 183, and we look at the Smith case that we cited in our brief at page 34, they make an interesting statement that I think really applies heavily in this case. They say, and I quote, when an automobile accident occurs within a county's borders, that county has a, quote, significant interest in the dispute, end quote. Well, why is that? The significant interest occurs because we had an accident within the borders. And when you live in Effingham County, you have a significant interest in what happens on the roadways, whether they're federal or state or local. What happens on those roads within your county is something of significant interest to the people that reside there. But more importantly, that localized interest of the accident having occurred in Effingham County gives rise to the justification for why would we ask citizens to sit on a jury? We've got an accident that arose in your jurisdiction. Why would we spend additional resources? In particular today, where we've got very tight state and county local budgets, it costs money to try a case. It's not just for the attorneys. It costs every county money to litigate. And it makes best sense to put that where the people have the most significant localized interest. And, again, that because of the location of the accident is in Effingham. Mr. Alward, let me interrupt you a second. Did you file any affidavits of inconvenience? The affidavit that we filed, we did file one, yes. And I'll tell you where that is. It was of the defendant, Mr. Reinhardt, if I'm pronouncing it right, of Central Trucking at SR 200, the one on the left. Right. But he lives in Missouri. Indiana County. Okay. He's the owner. He's the trucking company. He's the trucking company. Yes. Yes, that's correct. That's the only affidavit of inconvenience. But Indiana is not a state that has significant contacts that you've asked us to. Oh, I agree. So here's my problem. You have filed on behalf of your client no affidavits of inconvenience from, say, the Effingham police responders, emergency personnel, whatever. As I understand it, there's maybe 22 witnesses in Missouri that you would like us alternatively to transfer the case to Missouri. We have nothing about them. That's correct. And Judge Matossian, in a one-liner, said deny. Correct. And most recently, if you've been keeping up with our cases, we have been citing the Supreme Court that says, if you don't give us some information about how you made the decision, what are we supposed to do? So my question is to you. If you haven't provided the trial court with any evidence, any substantive documents like an affidavit that we usually see, and we're just arguing about what you think and what the other side thinks, what are we supposed to do? How are we supposed to decide whether this goes to Missouri or stays in Effingham County? Because neither of you have offered sufficient affidavits, and Judge Matossian just did a one-liner, denied, without examining all the private and public interest factors. Well, I think there's several answers to that. First of all, if we look at Mr. Ryher's affidavit, what he does say is at a trial, he talks about the distances between Effingham and Madison County. He says, it would be more convenient for me to attend a trial in Effingham. So we do have an affidavit of inconvenience as to— But you're—under Langenhorst, your obligation is what Justice Chapman said. You have to show inconvenience as to all defendants. That's correct. And we don't see that from the driver of the truck, but in support of all these other factors you're talking about, inconvenience also goes to the witnesses, the first responders, the police officers— But that's true. The medical personnel. That's right. But my question to you is, what basis in the record do we have to decide what you want us to do, either send it to Missouri or send it to Effingham or keep it in Madison County? I mean, I'm not just picking on you. I'm just asking both sides. Well, first of all, I'm familiar with the law that you're referring to, and I don't think it precludes us in a case such as this one, based on the current status of this record, from making the decision outside for these reasons. One, I think the affidavit that we did offer does show that Madison County is an inconvenience as to that individual coming from Indiana, because he's looking at, do I come to Effingham or do I come to Madison County? You're correct. We don't have an affidavit of the driver of the vehicle. But when we look at the Smith case that we cited in our brief, and we look at page 35, one of the things that it does is it goes through the various witnesses. Smith is an auto accident case, and Smith decided that the case should be in the county where the auto accident happened for all the same reasons that were argued before this court. But when we look at page 35, it specifically talks about emergency personnel such as fire and police responding. It talks about the first responders being potential witnesses, and it doesn't go into any discussion about whether or not an affidavit is provided. I mean, we can make assumptions. We can make the assumption that the local emergency responders are in Effingham County, and that when we have smaller counties, it's an inconvenience for those individuals to be away from those counties for scheduling purposes. I think we can make that very fair assumption. But you can also make the other side can also make the argument that in today's world, you can do video depositions. I mean, you know, there's arguments both ways in that regard, which is in Fennel, the court's very clear that they would like to see something. Well, Your Honor, your comment about the depositions is interesting because, you know, we've kind of got two competing interests here with respect to depositions. You've read from the 22 physicians and medical providers, et cetera, that are in Missouri. Now, one of the normal arguments that you'll tell counsel, defense counsel, to make in a situation like this is, well, these are doctors, or these are people that are outside of the state. They don't have the ability to compel them to come testify. And one of the arguments that comes up, one of the comments that the courts have made over the years is, well, can I take the deposition? Well, you can go take the deposition of those people. Well, the courts have come back and said, well, we know that depositions are not adequate substitutes for live testimony. But we've also got, in this case, we've got the added factor that these individuals are physicians. And as every one of you know from the cases that you've handled and handled as trial attorneys and trial judges and seen with the appellate court, most doctors don't come to trial to testify. Most doctors do by deposition. That's exactly right. Exactly right. So it's an interesting slide. Excuse me. The forum nonconvenience discussions acknowledge that. No, exactly. And that puts us in an odd situation for us because part of that argument makes us look at Missouri and say, well, if you're really worried about convenience and if the plaintiff is so worried about this has to be the most convenient forum for me, for my witnesses, which he's identified, I think, as the plaintiff's father, a sister, and the other witness in the car can be called King. King, who all live in Missouri, of the 21 doctors, if you're really actually interested in physical convenience, dismiss it and send it to Missouri. Don't cut it in the middle and put it in some county that has no contacts because if that's the case, let's go to Vaughn County. It has no contacts either. And it's even closer between the two than Madison County is. And so it's difficult for us to say, well, we can't bring these doctors in so it prejudices, so it makes it look, make it a good argument for us to go to Missouri, but at the same time recognize that they're doctors. We're probably going to depose them. So it really isn't a big inconvenience to have them come to Effingham County. We know we have an accident. We know we have emergency first responders who will at least have some input in the case as far as where were the vehicles, what happened, what was the immediate condition of the individual before they were sent away. And we know that the localized interest in Effingham is significant. The cases have totaled the same, which gives us validation for the public factors such as the burden on the jury, judicial resources, the localized interest, and it gives us the private interest factor of the potential for a jury. We have none of those in Madison County. I think this is the first in probably 70 cases that I've done on appeal that dealt with foreign nonconvenience where there's actually nothing in the county selected other than meeting the general banning statute. We don't have a private soul there. We don't have any allegations that there's anything to do with the case that took place there. In Foster, there was a defendant in it. The court looked at the defendant and they had an unrelated business. We don't have any of that. We have nothing that ties us to Madison County. So it has no greater interest than Bond County or Montgomery County or any other county in Illinois that falls within that path. So I guess our point is Effingham makes sense when we look at foreign nonconvenience law and we look at the law saying that the location of an auto accident has a significant localized interest and all the factors that that implicates. But if the court's inclined to say, well, we've got people from all over outside the state, and they make a compelling argument on this convenience point, let's just not cut it in half. Let's send it to Missouri. Because if the physical convenience is the factor that the court wants to put its hat on in this case, it isn't here. It's in Missouri. I'm not sure it's our burden. It's your burden. Well, I think I've met that burden. Excuse me. When I speak, you have to stop. Okay? What I'm saying to you is I don't see anything in your record that tells us which way to go. Because, and you are very experienced in the submission of affidavits and proofs. I've seen pages and pages from your firm about court statistics. But yet in this case, very little. We've also offered the court statistics too. I understand. And as you know from the recent case law, that's given very little weight in the form of nonconvenience analysis now. But I'm just not sure, personally, I'm just not sure that there's enough to know which way to go. But I guess I'll have to examine the record on that. Yeah, I would agree with you on court statistics. But I think the phraseology from Gaudi is that court statistics alone, showing congestion, are not sufficient on their own. But here, we've got— No, I think the more recent case law says that they're of less or little consequence. But we do have jury. We do have court. We do have congestion. We do have a localized interest. We do have the jury burden interest. All those favor backing down. None of those favor maxing out. And we focus solely on the affidavits. We run the risk of concentrating on a single aspect of the foreign analysis and ignoring all the other things that do. And yes, some of them do involve argument, and they are argument-based. But that doesn't mean that we disregard those arguments, in fact, and say, well, there's no affidavits. I mean, granted, the affidavits could have been better on both sides to provide more for the court. But we have what we have. And based on what we have, I think there's absolutely no question that Madison County has nothing going for it, other than the fact that it was selected by the plaintiffs, don't live there, and the accident didn't happen there, and the argument that was a halfway point, so it's convenient. And, you know, when we brought the Burns case before the appellate court, if you recall in Burns, it was an asbestos case, and the trial judge had given a gun and said, I'm going to deny the motion to transcribine you because I think I can give this gentleman who's dying a trial quicker. So we're going to deny it. And what ended up happening is the court said, you can't overfocus on one element of the foreign nonconvenience factor analysis. You have to look at them all. You can't look at one and ignoring the others. And if we look solely at the affidavit aspect here, and we ignore the localized interest in all the implications that it raises for us, coupled with the jury view, coupled with the congestion, which is just one, I'll grant you, it's just one. But when you couple all those together, I think that does establish overwhelmingly that Effingham is the nonconvenient form, or alternatively, dismiss the case and send it to Missouri. Because if their argument is convenience, that's the convenient one under theirs, their argument. Thank you. Thank you, counsel. Counsel. Good morning. I'm Lanny Doe, and I represent Michelle Orff. I know the court is concerned about the record in this case. So I'm going to point out that at an early stage, the plaintiff filed a motion to stay the hearing on the issue of foreign nonconvenience until the completion of fact discovery. It was the defendant who then objected and proceeded to have their motion heard in the absence of fact discovery. And the court ruled accordingly when it was presented with the record that it existed before the defendant allowed fact discovery to proceed forward. He can't now complain about an incomplete record when he, in fact, objected to staying this matter until the discovery could be conducted. So the court ruled against you? The court ruled it would stay for a period of time, and then eventually they wanted the motion heard. They noticed it up, and the court said denied it. No, she means the court ruled against you on discovery. Right. They proceeded on the – there is an order in the court that says that discovery is to proceed. We were going through discovery. We had trouble with it. It was motions to compel, file things on those lines, trying to get the defendants to answer discovery. They kept pushing the issue of wanting to have the forum motion heard. The court eventually relented, notwithstanding its prior order on the discovery should proceed, ruled on its – went ahead and ruled on the forum motion and denied it. So was there discovery outstanding that you felt you needed prior to going forward on the forum issue? Was there – Well, I mean, frankly, I believe that the record supports keeping the case in Madison County. Is it all of this? That wasn't my question. My question is if this court remands for further proceedings, are there discovery requests that you believe would assist you in fighting or whatever this forum nonconvenience motion? I think, yes, there are outstanding discovery requests. And I think those outstanding discovery requests would only further our argument that Madison County wasn't the appropriate venue. And to kind of move to a slightly different topic, the budget says at that point, even though statutory venue is conceded when you file a forum motion, I think it's important, though, to look at the statutory venue that says when you have all out-of-state defendants, the action can be brought in any county. And that's what we chose. We chose what we thought was the most convenient county. We could have chosen – we could have filed it in Cook County if we wanted to under the vendor statute because I think the legislature recognizes what this court has said in Foster, which is all litigation is inconvenient. And when you deal with out-of-state defendants, it doesn't – the inconvenience is going to be wherever you file it. And they've got to travel to the state anyway, so the plaintiff can select any county they want. And we, in this case, chose to proceed in Madison County, which is completely – directly adjacent to where the plaintiff lives, to where the plaintiff's health care providers live, which Highway 70 transgresses through in the Madison County or in the St. Clair County. And it just was us – the most convenient way to bring this case. But the other – they can request that the matter be dismissed and included in Missouri. Well, it's just not that easy. Plaintiff is, first of all, entitled to deference into their choice of forum. And it's not just deference within the state of Illinois or whichever county they want to bring it in, deference. It's also which state they want to bring it in when there's more than one state. And they're entitled to a venue or a jurisdiction that will vindicate their rights. We have looked at the rights of Missouri and Illinois, and we've chosen Illinois. And that should be directly deference. And the reason we've chosen Illinois is, first of all, I don't know what the venue would be for this case because as this court is – it's very unsettled as to whether you can bring an out-of-state case in Missouri. Because the venue statute in Missouri essentially provides, as I understand it, is it is the size of the injury. We know that the injury did not occur in Missouri. We know that Mr. Rogers lives 270 miles away from the Madison County Courthouse. So I don't know where this court would dismiss in order for the case to be transferred to. If you dismiss it and transfer it, I don't know whether – there's no showing that St. Louis County would be the appropriate venue because there's no situs of the injury there. The defendant doesn't reside there. So under the Missouri statute, I don't – you would have to – I assume it would send it 270 miles away down to Mount Vernon, Missouri. Ms. Jarre, maybe I missed it, but is this part of your brief, this Missouri venue statute argument? No, it's not. And that's kind of – that kind of emphasizes the point I have here. Is that, at least from my perspective, I'm not sure what we're supposed to do. You raise all these problems with Missouri, and opposing counsel wants to send it to Missouri, but this has not been briefed. Was it argued in the lower court? Well, I don't believe it was. But once again – I don't think Foster says that you can file in any county you want just because there's venue. If I said that, I apologize. I didn't say anything. I just want to clarify. I can't remember exactly why I brought up Foster right now, but I agree that's not what Foster says. What I meant to say was the statutory venue provision of Illinois allows when there's out-of-state defendants, or out-of-state defendants, that we can file it anywhere. And if we can file it anywhere, I think that takes into account that it's going to be inconvenient for them anywhere. And I think what I was referencing was Foster says all litigation is inconvenient. It's just the place of trial that is the relevance issue there. And I think that statute recognizes an out-of-state defendant is going to have to travel from somewhere else to come into the state, so it doesn't matter which venue they have their trial in. But you recognize that your choice of forum is entitled to less deference because the accident didn't occur there. It's not your plaintiff's own forum, right? I would agree. But once again, it's important to know it's not no deference. And what we're talking about, and I know the Court passed a bill that we talked about in Missouri, but when we're talking about Illinois, it's the most appropriate forum. I mean, if you take it to Eppington County, that's the most inconvenient for everybody. It's over 300 miles away for Mr. Riders. The trucking company lives more than 100 miles away in Indiana. But see, we don't know if it's inconvenient for the truck driver because we don't know his route, right? I mean, he may go through there all the time because he obviously was going through there for something. I assume he does. I mean, somebody cuts through. I don't know, but I don't believe that that. But isn't it without some information? How do we know if it's inconvenient for him? We don't have anything. But I think it's their burden to have established that at the trial court level. They did not. They chose to proceed forward on a motion without appropriate factual basis for it. And, you know, the court's presumed to have known the record, and the absence of him being able to show there was an error, an abuse of discretion, which is the applicable standard, it needs to be affirmed. What injuries did your client suffer? She's had back surgery. She's had a closed head injury. She is being evaluated for a subsequent surgery. Back? Yes, it's all back and shoulder. It's my recollection as I sit here today. She's had one. She's had a thoracic outlet surgery. She's being evaluated now, I believe, for shoulder, and she's under the care of a neuropsychologist for a closed head injury. This was a rear-end accident. In the vehicle was her husband and Laura King. Laura King is a plaintiff, was a plaintiff in the suit. Her claim has been resolved. Mr. Orr has filed an affidavit saying it's inconvenient for him to be in Effingham as opposed to Madison County. To us, it's just overwhelmingly more convenient in Madison County as opposed to going to Effingham County. If there's no questions, I can retreat or I'll be happy to stay. I think we've run out of questions. Thank you. Thank you. Counsel? Just to respond to counsel on a couple quick points. On the fact discovery, there's a reason why your supporting record in this case is so large. It's because I wanted to make sure that we put in there documents from the discovery dispute that indicated that it has nothing to do with why I'm not convened. It was all about the medical and requests we've met with respect to the medical, and you can see that in the supporting record. The case was filed on March 16th of 2015. Our motion was filed on 4-21-15. The matter was not called for hearing until June of 2016. Nothing stopped counsel from taking any depositions, from offering his client up for deposition, from getting an affidavit from any of his clients or his client's family. So there was no court order? Pardon me? There was no court order denying him discovery? You filed no motion? Oh, there was a motion that was filed, but it didn't preclude them from doing discovery under 187. The efforts that we were trying to close down were the efforts to do discovery on the substantive aspects of the case, because why get down to the end of the case dealing with the medical aspects when we're trying to find out whether or not this is the right forum to litigate in it. So the efforts that we were making based on what I've been able to read is that we're trying to say, look, we've got a preliminary issue to deal with, which is where is this case best served under form of nonconvenience. We don't need to be doing evidentiary fact discovery that relates to medical and other things. We'll do those when the time comes. But I don't believe we are objecting to or arguing with respect to rule 187 discovery. That's certainly allowed by the rule. And so I don't think anything prohibited that in this case. If there were obscene discovery requests that related to form of nonconvenience, I don't see them in the supporting record, and they have an opportunity to supplement. I mean, I'm not gospel when I file that. They can supplement that. I don't see anything along those lines. And then the argument about venue, certainly when you've got out-of-state defense, you can sue, and you can sue if the accident happened, but you can also sue in any county. But I, in many other cases, tell us form of nonconvenience goes beyond venue considerations. That's why we don't look at a defendant that does business in a county and say, aha, we've got you. You have to look beyond that. And in this case, the fact that the venue statute applies here doesn't trump the form of nonconvenience analysis. Because as you know, form of nonconvenience only comes into play when you've got more than one venue that is proper. Here we do. We've actually got many venues that are proper. Conceivably, any venue in the state. Now, some of them would be ridiculous, but for the context of what we're talking about, we've got one that was chosen based on perceived physical inconvenience and one that was the site of the accident, and we know what the law is regarding that. We think that the law supports us here. We think when you look at the six or seven factors that are divided between private and public interest, that you'll see that we have at least five of those. And the affidavits is one where both parties admit the affidavits are not there to the audience that the court honestly wanted. But the other factors are. And that's why I stand up here confidently and say, I think we did meet a burden. I think we did meet a burden. This motion should have been ran and the case should have been transferred. Thank you. Thank you. We appreciate the briefs and arguments. Counsel, I take this under advisement to take a very short recess and argue U.S. v. Mississippi. All rise.